IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

BRAZZILE ALEXANDER, et al.,        )
                                   )
            Plaintiffs,            )
                                   )
      v.                           )      No.  12 C 4205
                                   )
THEOPHILUS SMITH, et al.,          )
                                   )
            Defendants.            )

<u>MEMORANDUM OPINION AND ORDER</u>

This Court first learned of the existence of this case in an indirect fashion--just after December 6 a filing was delivered to its chambers that bore the caption "Re-Notice of Agreed Motion." Although this Court's name was listed in the case caption, the notice stated that Assistant Corporation Counsel Carla Kupe-Arion would "appear before the Honorable Elaine E. Bucklo" in this Court's courtroom on December 18 to present a motion seeking an enlargement of time for one of the defendants to file a responsive pleading to the First Amended Complaint ("FAC").  When this Court inquired of its minute clerk about the apparently mistaken notice, she checked into the matter and learned that the case had indeed come to this Court's calendar via a December 4 reassignment from Judge Bucklo's calendar.

Because Judge Bucklo does not appear to maintain chambers files in cases assigned to her calendar, this Court's minute clerk printed out paper copies of the relevant documents.  They comprise:

1. the original pro se Complaint filed by Brazzile Alexander ("Alexander") and Ronnie Freeney ("Freeney") on May 30, 2012, prepared on the form of Complaint for Violation of Constitutional Rights made available for pro se plaintiffs by the Clerk's Office;

2. an August 27 motion to dismiss the Complaint filed by Renaissance at South Shore, Inc. ("Renaissance"), and the contemporaneously filed memorandum in support of that motion;

3. the FAC filed on October 1, using the same form as the original Complaint but bearing only Freeney's name as plaintiff and containing on page 1 the legend "This has been prepared in part by the pro se assistance program for plaintiff Freeney only";

4. Freeney's November 1 Response to Renaissance's motion to dismiss;

5. Renaissance's November 16 reply brief in support of that motion; and

6. the earlier-mentioned Re-Notice of Agreed Motion.

Before the presentment date of that last-mentioned motion, there are some significant matters that should be addressed based on the papers received to date. This sua sponte memorandum opinion and order will discuss them briefly, in the anticipation that all parties will appear at the scheduled presentment date

2

(even though an agreed motion for extension would normally not call for an in-court appearance).

To begin with, Freeney's response to Renaissance's motion to dismiss discloses that Alexander (his mother) has passed away. Although Freeney characterizes himself as "the natural heir, closest living and immediate family member of Ms. Brazzile Alexander," his filing recognizes that action must be taken under Fed. R. Civ. P. ("Rule") 25(a) if any claim or claims is or are intended to be pursued by or for Alexander's estate.[1] This Court will take no action in that respect pending an appropriate Rule 25 submission.

As for Renaissance's motion to dismiss, Freeney's response charges Renaissance with "conspiracy" even while acknowledging that it is not a "state actor" in the sense required for it to be sued under 42 U.S.C. §1983 ("Section 1983"). Here for example are relevant parts of Freeney's filing:

> The Renaissance Nursing Home, although privately owned and also "for profit" is still regulated by the State of Illinois. They broke the guidelines purported [sic] by the state authority which we can prove from evidence.

> \* \* \*

> The Renaissance is an independent "for profit" organization. For "Profit" creates motive and probable cause. They conspired to defraud Ms. Alexander and remove resistance; i.e. (fill a bed).

---

[1] As noted earlier, the FAC has been advanced by Freeney alone.

3

>       According to State Laws governing long term care
>       facilities handed down by Governor Pat Quinn and
>       Illinois Department of Aging Director Charles D. Johns,
>       Renaissance Nursing Home violated 10 Rights.

Those assertions reflect a mistaken notion of the scope of
federal jurisdiction.  Although Freeney's FAC has added Chicago
Police Officer Gary Williams as a defendant (the original
Complaint had referred to an unidentified "John Doe" officer),
but Freeney's responsive memorandum says only that Officer
Williams "falsely arrest[ed]" Freeney "[a]t the urging of Kevin
McInerney, Director of Operations at the Renaissance."  That does
not suffice to place Renaissance's actions "under color of law,"
as Section 1983 requires.

In sum, Renaissance's motion for its dismissal is granted.
Further proceedings in the case will be discussed at the
scheduled December 18 presentment date.[2]

_____
Milton I. Shadur
Senior United States District Judge

Date:  December 12, 2012

---

[2]  Dkt. 13 states that a summons had been served on the
third defendant, Theophilus Smith, on June 18.  That seems likely
to have been mistaken, because Dkt. 23 states that a summons was
returned unexecuted as to Smith on October 29.  This Court also
expects to inquire into that matter during the December 18
proceeding.

4